IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2015

**STATE OF TENNESSEE v. ASHLEY MARIE WITWER**

**Appeal from the Criminal Court for Davidson County
No. 2013-D-3367     J. Randall Wyatt, Jr., Judge**

_____

**No. M2014-00834-CCA-R3-CD – Filed March 16, 2015**

_____

Appellant, Ashley Marie Witwer, brings a certified question of law regarding whether the retroactive application of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, as amended in 2012, to her conviction for promoting prostitution is an unconstitutional ex post facto law. After careful review of the parties' briefs, the record, and the applicable law, we determine that the law is constitutional. Accordingly, the judgment of the criminal court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Elaine Heard, Nashville, Tennessee, for the appellant, Ashley Marie Witwer.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Victor S. Johnson III; District Attorney General; Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

On July 30, 2010, Appellant pled guilty to the offense of promoting prostitution, a Class E felony. The trial court accepted the State's sentencing recommendation that

Appellant receive one year of incarceration as a Range I, standard offender to be served consecutive to a sentence that she was serving for another offense at the time of the plea.

Subsequently, the General Assembly amended Tennessee Code Annotated section 40-39-202 by adding the offense of promoting prostitution to the list of enumerated offenses subject to the requirements of the sex offender registry. This amendment became effective on July 1, 2012, and on July 23, 2013, Appellant was notified that she had three days to register as a sex offender. Appellant appeared for a scheduled appointment on July 26, 2013, to register, but she informed the authorities that she was refusing to complete the process of registration.

Appellant was indicted for two counts of violating Tennessee Code Annotated section 40-39-208, one for failure to timely register and another for failure to sign a Tennessee Bureau of Investigation ("TBI") registration form. Pursuant to a plea agreement, the second count was dismissed by the State, and Appellant pled guilty to the first count, a Class E felony. Appellant received a one-year sentence as a Range I, standard offender, of which all but ninety days were suspended to supervised probation. The sentence was stayed by the trial court pending this Court's resolution of Appellant's certified question of law.

*Analysis*

Appellant raises the following certified question of law:

Whether Tennessee Code Annotated section 40-39-202(A)(20)(xviii), which designates "promotion of prostitution" as a "sexual offense" requiring registry within the Tennessee Sex Offender Registry, is constitutional as retroactively applied to the Appellant under the Tennessee Constitution and the Constitution of the United States.

Tennessee Rule of Criminal Procedure 37(b) permits a defendant to plead guilty to an offense on the condition of a certified question of law that is dispositive of the case under the following requirements:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(A). As the parties agree, all of these requirements have been satisfied in this case. Appellant's "as applied" challenge to the constitutionality of this statute is a question of law that is reviewed de novo. *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009).

The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act") establishes a registry of individuals convicted of certain enumerated offenses. *See generally* T.C.A. § 40-39-201 to -217. Those required to register under the Act are subject to various restrictions, registration, and notification requirements. *See id.* Effective July 1, 2012, the Act added the offense of promotion of prostitution to the list of enumerated crimes constituting a "sexual offense" that requires registration under the Act. T.C.A. § 40-39-202(20)(xviii). This change in the Act was applied retroactively to Appellant, who committed felonies by refusing to comply with the registration requirements of the Act.[1] *See Ward v. State*, 315 S.W.3d 461, 468 (Tenn. 2010) (noting that the Act's "language evinces a clear intent that the registration requirements be applied retroactively to any sexual offender").

Both the federal and state constitutions prohibit ex post facto laws. U.S. Const. art. I, § 10, cl. 1; Tenn. Const. art. I, § 11. Although "the Ex Post Facto Clause of the Tennessee Constitution has a broader reach than its federal counterpart," *Miller v. State*, 584 S.W.2d 758, 761 (Tenn. 1979), both the Supreme Court of the United States and the Supreme Court of Tennessee "have adopted complementary constructions of these provisions." *Kaylor v. Bradley*, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995). "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" is a forbidden ex post facto law. *Calder v. Bull*, 3 U.S. 386, 390 (1798); *Miller*, 584 S.W.2d at 761. "The touchstone of [an ex post facto] inquiry is

---

[1] In pertinent part, Section 40-39-208 provides:

(a) It is an offense for an offender to knowingly violate any provision of this part. Violations shall include, but not be limited to:

(1) Failure of an offender to timely register or report;

. . . .

(4) Failure to sign a TBI registration form. . . .

whether a given change in law presents a 'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Peugh v. United States*, __ U.S. __, 133 S.Ct. 2072, 2082 (2013) (quoting *Garner v. Jones*, 529 U.S. 244, 253 (2000)). A retroactive civil regulatory scheme will not violate the ex post facto bar unless the law is intended to be punitive or has punitive effects. *Smith v. Doe*, 538 U.S. 84, 92 (2003).

As the State's brief highlights, sex offender registry statutes have been widely upheld as non-punitive, and Tennessee's own statute has survived repeated ex post facto challenges. *See, e.g.*, *John Doe v. Mark Gwyn*, No. E2010-01234-COA-R3-CV, 2011 WL 1344996, at *14 (Tenn. Ct. App. Apr. 8, 2011) (concluding no ex post facto violation for retroactive application of a 2007 amendment of the Act requiring registration of any Tennessee resident convicted of an offense in another state that would qualify as a sexual offense if committed in Tennessee), *perm. app. denied* (Tenn. Aug. 24, 2011); *David Livingston v. State*, No. M2009-01900-COA-R3-CV, 2010 WL 3928634, at *5-7 (Tenn. Crim. App. Oct. 6, 2010), *application for perm. app. dismissed* (Tenn. Jan. 11, 2011); *John Doe v. Robert E. Cooper, Jr.*, No. M2009-00915-COA-R3-CV, 2010 WL 2730583, at *4-11 (Tenn. Ct. App. July 9, 2010), *perm. app. denied* (Tenn. Dec. 7, 2010). As our court of appeals has explained:

> To date, every ex post facto challenge of Tennessee's statutory scheme requiring persons classified as sexual offenders to register with the TBI sex offender registry has been rejected. The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit upheld Tennessee's sex offender registry in *Smith v. Doe*, 538 U.S. 84 [ ] (2003), *Conn. Dept. of Public Safety v. Doe*, 538 U.S. 1 [ ] (2003), *Doe v. Bredesen*, No. 3:04-CV-566, 2006 WL 849849 (E.D. Tenn. Mar. 28, 2006), *aff'd* 507 F.3d 998 (6th Cir. 2007), *pet. cert. denied*, [555 U.S. 921] (2008), and *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999). Furthermore, both the Court of Appeals and the Court of Criminal Appeals of Tennessee upheld the sex offender registry against ex post facto challenges. *See* [Stephen] *Strain v. Tennessee Bureau of Investigation*, No. M2007-01621-COA-R3-CV, 2009 WL 137210 (Tenn. Ct. App. Jan. 20, 2009); *State v.* [Larry Wade] *Gibson*, No. E2003-02102-CCA-R3-CD, 2004 WL 2827000 (Tenn. Crim. Ct. App. Dec. 9, 2004) [, *perm. app. denied* (Tenn. Mar. 21, 2005)].

*Robert E. Cooper, Jr.*, 2010 WL 2730583, at *7. In *Ward v. State*, our supreme court accepted the Act's previous blessing in *Smith v. Doe*, *see* 315 S.W.3d at 468 n.6, 471-72, and specifically determined that the "plain language of this statute expresses a nonpunitive intent to protect the public [and] the registration requirement does not inflict additional punishment on [the appellant] nor does it alter the range of punishment," *id.* at 470. The court further observed that, "while the registration requirement is undoubtedly a definite, immediate, and largely automatic consequence of a conviction of a sexual

offense or violent sexual offense, it does not have an effect on the length, manner, or service of the defendant's punishment." *Id.* at 472.

Although no decision of a Tennessee court has directly considered the ex post facto ramifications of the 2012 amendment, the nature of the provisions of that amendment as applied to Appellant are indistinguishable from the basic registration requirement of previous versions of the Act that have passed constitutional muster. Appellant offers no authority to the contrary. We consider this question well-settled.[2]

The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, which, as amended in 2012, designates "promotion of prostitution" as a "sexual offense" requiring registration with the Tennessee Sex Offender Registry, does not violate the constitutional prohibition against ex post facto laws as applied to Appellant because the basic registration requirement does not increase the measure of punishment attached to the predicate crime.

*Conclusion*

For the foregoing reasons, the judgment of the criminal court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

---

[2] As noted by the *Ward* court, future changes in the details of the Act could potentially provide grounds for valid ex post facto claims. Appellant has not argued that any provisions beyond that of mere registration are punitive in effect.